USDC SCAN INDEX SHEET

















JOEH    1/24/06    9:27

3:04-CV-01237   DAVIS V. SAFECO INSURANCE CO

*62*

*MLIM.*

JOHN K. SAUR
Attorney at Law, State Bar No. 64558
A Professional Corporation
24411 Ridge Route Drive
Suite 215
Laguna Hills, CA  92653-1698
(949) 768-2900

**FILED**

06 JAN 23  PM 2: 51

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA DAVIS and DANIEL DAVIS, <br><br> Plaintiffs, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, (a Washington corporation), and DOES 1 through 100, Inclusive, <br><br> Defendants. | CASE NO.: 04CV 1237-BEN(NLS) <br><br> PLAINTIFFS' MOTION IN LIMINE NO. 1 TO PRECLUDE THE EXPERT TESTIMONY OF BOYD VEENSTRA OR IN THE ALTERNATIVE TO LIMIT THAT TESTIMONY; POINTS AND AUTHORITIES <br><br> PRE-TRIAL: January 30, 2006 <br> 10:30 a m |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Plaintiffs, CYNTHIA and DAN DAVIS hereby submit the following Points and Authorities in support of its motion in limine to preclude the expert testimony of Boyd Veenstra, or, in the alternative, to limit Mr. Veenstra's testimony as to those only those opinions he was able to testify to as of the time of his deposition.

DATED: January 20, 2006                _____
                                                          JOHN K. SAUR, Attorney for Plaintiffs,
                                                          CYNTHIA and DAN DAVIS

ORIGINAL

1

**POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendant has designated Boyd Veenstra as an expert on insurance claims handling in this matter. A copy of the Defendant's Expert Witness Designation is attached hereto as Exhibit A. (See Declaration of John K. Saur, attached hereto.)

**II.**

**FAILURE TO TESTIFY AT DEPOSITION**

On December 19, 2005, Mr. Veenstra, after much delay, was deposed in this matter. At the time of his deposition, it was discovered, for the first time, that defendant had failed to provide Mr. Veenstra With all (or even a majority) of the documents necessary for Mr. Veenstra to form a complete opinion in this matter. (See Declaration of John K. Saur, attached hereto.)

Although the deposition was adjourned so that Mr. Veenstra could be provided by counsel for defendant Safeco with all of the relevant documents, plaintiff has now learned that Mr. Veenstra will not be produced for his deposition until February 20 2006 (the only date provided for the completion of his deposition). See Declaration of John K. Saur hereto.

Since Mr. Veenstra was not adequately prepared to form a complete opinion either at the time of his deposition or, indeed, by the time of the Pre-Trial in this matter, it is submitted that his testimony should be precluded, or in any event, limited to that which he has already testified at deposition.

### III.

### MOTION IN LIMINE IS PROPER

Pursuant to Federal Rules of Evidence, Rule 403, the Court has broad authority to rule on the admissibility of evidence in advance of jury selection.  (See also, Luce v. USA [1984] 469 US 38, 40; McEwen v. City of Norman, Oklahoma [10th Cir. 1991] 926 F2 1539, 1548.)

### IV.

### CONCLUSION

Since defendant has failed to provide their designated expert witness with those documents necessary for him to form a final opinion, and since the defendant is refusing to produce that expert for the completion of his deposition until February 20, 2006 (weeks after the Pre-Trial Conference in this matter), it is respectfully submitted that he should be precluded from testifying in this matter.  In the alternative, Mr. Veenstra's testimony should be limited to that which he has already testified to at his deposition of December 19, 2005.

DATED: January 20, 2005                    Respectfully submitted,

_____
JOHN K. SAUR, Attorney for Plaintiffs, DAVIS

3

## DECLARATION OF JOHN K. SAUR

I, JOHN K. SAUR, declare as follows:

1.  I am an attorney at law, duly licensed to practice in all the courts in the State of California. This declaration is made under penalty of perjury; all the facts contained herein are true and correct and within my personal knowledge.

2.  I am the attorney for the plaintiffs in this matter.

3.  Attached hereto as Exhibit A is a copy of the defendant's Expert Designation in this matter, naming Boyd Veenstra.

4.  On December 19, 2005, Mr Veenstra, after much delay, appeared for his deposition in this matter.

5.  Unfortunately, early in the deposition, I learned from Mr. Veenstra that he hadn't been provided with all (or even most) of the documents necessary to form a final opinion in this matter.

6.  It was represented during that deposition that defendant's counsel would provide Mr. Veenstra with the additional documentation and that Mr. Veenstra would be provided for the completion of his deposition.

7.  On January 3, 2006 I sent a letter to defendant's counsel requesting a date for the second session of Mr. Veenstra's deposition. (A copy of that letter is attached hereto as Exhibit B.)

8.  On January 4, 2006, I was informed, by letter from defense counsel, that Mr. Veenstra was provided with the additional documents necessary; see Exhibit C hereto.

9.  However, on January 19, 2005, I was informed, via facsimile, by counsel for defendant, that Mr. Veenstra will not be produced for deposition until February 20, 2006 – this is three weeks _after_ the Pre-Trial Conference in this matter; see Exhibit D hereto.

4

10.   Mr. Veenstra's inability to be prepared was caused by no fault of plaintiffs; all the documents which he was to have been provided was in the possession of defendant's counsel and, indeed, since plaintiff's expert, Jim Hudson had been deposed well in advance of Mr Veenstra, defendant was well aware as to which documents were necessary for Mr. Veenstra to adequately prepare for deposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Laguna Hills, California on January 20, 2006.

JOHN K. SAUR, Attorney for Plaintiffs, DAVIS

RAYMOND H. GOETTSCH
Bar No. 105441
SCOTT K. MURCH
Bar No. 174537
**LaTORRACA and GOETTSCH**
A Law Partnership
211 East Ocean Boulevard, Suite 400
Post Office Box 21978
Long Beach, California 90801-4978
(562) 436-1887
Facsimile (562) 436-8489

[SPACE BELOW FOR FILING STAMP ONLY]

**Attorneys for** Defendant SAFECO Insurance
Company of America, a Washington corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA DAVIS and DANIEL DAVIS, | CASE NO. 04 CV 1237 BEN (NLS) |
| Plaintiffs, | Hon. Roger Benitez<br>United States District Judge |
| vs. | |
| SAFECO INSURANCE COMPANY OF<br>AMERICA, (a Washington<br>corporation); and DOES 1 through<br>100, Inclusive, | DEFENDANT SAFECO INSURANCE<br>COMPANY OF AMERICA'S<br>SUPPLEMENTAL EXPERT WITNESS<br>DISCLOSURE |
| Defendants. | |

Defendant SAFECO Insurance Company of America

("SAFECO"), a Washington corporation, identifies the following

individual who will provide testimony at trial that is expert

testimony:

    1.   Boyd Veenstra

        BOYD VEENSTRA & ASSOCIATES, INC.

        2740 West Magnolia Blvd., Suite 306

        Burbank, CA 91505

        (818) 955-9991

DEC 2004

-1-

1    Mr. Veenstra is expected to testify that the conduct of

2    SAFECO in its adjustment and handling of plaintiffs' claim

3    giving rise to this matter was consistent with SAFECO's

4    obligations under the implied covenant of good faith and fair

5    dealing and not in breach of any contractual or

6    extracontractual duties owed to plaintiffs.  Mr. Veenstra is

7    also expected to testify regarding the relevant standards and

8    practices prevailing in the insurance industry regarding the

9    adjustment of similar insurance claims and claims-handling

10   issues.  He is anticipated to testify further as to how SAFECO

11   complied with these standards and practices.  His hourly rate

12   is $195.

13   SAFECO reserves the right to submit the names of expert

14   witnesses for the purpose of expressing an opinion on a subject

15   to be covered by experts designated by any other party in this

16   matter.  SAFECO further reserves the right to augment this

17   expert witness statement by retaining and calling at time of

18   trial any other expert witness which need may arise after the

19   deposition testimony of various experts involved herein has

20   been obtained, should same become necessary.

21

22   DATED:  December _10_, 2004.

23                         _____

24                         RAYMOND H. GOETTSCH
                           SCOTT K. MURCH
25                         LaTORRACA and GOETTSCH
                           A Law Partnership
26                         Attorneys for Defendant SAFECO
                           Insurance Company of America, a
27                         Washington corporation

28

-2-

1                              PROOF OF SERVICE

2    STATE OF CALIFORNIA
     COUNTY OF LOS ANGELES
3
            I am employed in the County of Los Angeles, State of California.  I
4    am over the age of 18 and not a party to the within action; my business
     address is 211 East Ocean Boulevard, Suite 400, Long Beach, California
5    90802-4852.

6            On **December 10, 2004**, I served the foregoing document described as
     DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S SUPPLEMENTAL EXPERT WITNESS
7    DISCLOSURE on the interested parties in this action

8    (X)    by placing () the original (X) a true copy thereof enclosed in sealed
            envelopes addressed as follows:
9
                    ATTORNEYS FOR PLAINTIFFS
10
            John K. Saur
11          24411 Ridge Route Dr., Ste 215
            Laguna Hills, CA  92653-1698
12          Tel: (949) 768-2900
            Fax: (949) 768-0180
13
     (X)    **by mail** as follows:  I am "readily familiar" with the firm's practice
14          of collection and processing correspondence for mailing.  Under that
            practice it would be deposited with the U.S. Postal Service on that
15          same day with postage thereon fully prepaid at Long Beach, California
            in the ordinary course of business.  I am aware that on motion of the
16          party served, service is presumed invalid if postal cancellation date
            or postage meter date is more than one day after date of deposit for
17          mailing in affidavit.

18   ( )    **by facsimile** as follows:  Per agreement with counsel, I caused the
            foregoing document to be served by facsimile transmission from
19          sending facsimile machine telephone number (562) 436-8489 to the
            interested party at the facsimile machine telephone number indicated
20          above.  The transmission was reported as complete and without error.
            A transmission report was properly issued by the sending facsimile
21          machine for the interested party served.

22   ( )    **by overnight service** as follows:  I caused the foregoing document to
            be delivered by UPS Overnight to the offices of the above-named
23          addressee.

24          Executed on **December 10, 2004**, at Long Beach, California.

25   (X)    (Federal)  I declare under penalty of perjury under the laws of the
            United States of America that the foregoing is true and correct.
26
            I declare that I am employed in the office of a member of the bar of
27   this Court at whose direction the service is made.

28                                            _Pam Miller_
                                              PAM MILLER


                                    8

# John K. Saur
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
24411 Ridge Route Drive, Suite 215
Laguna Hills, California 92653-1698
(949) 768-2900 • Fax (949) 768-0180

January 3, 2006

Andres C. Hurwitz, Esq.                     Via Facsimile    9:36
Demler, Armstrong & Rowland, LLP            (562) 494-3958
4500 E. Pacific Coast Hwy.
Fourth Floor
Long Beach, CA 90804

Re:  Davis v. Safeco

Dear Mr. Hurwitz,

During the deposition of your expert, Boyd Veenstra, Mr. Veenstra testified that he had not been provided with several significant documents, including the depositions of Jeff Haile and the second deposition and the exhibits thereto of Michelle Clark. (There were also several other pertinent documents which were not provided to Mr. Veenstra.)

During the deposition, you indicated that you would be providing Mr. Veenstra with at least some and perhaps all of those missing documents. The purpose of this letter is to arrange a date for the second session of Mr. Veenstra's deposition to be taken after he has been provided with all the documents which you intend to give him.

If you do not agree to set a date for the second session of Mr. Veenstra's deposition, I will of course be requesting the assistance of the court in insuring that either Mr. Veenstra will be testifying based only on the foundation that he had at his deposition or that the second session of his deposition is taken.

Because of time constraints, I need a response to this letter no later than January 6, 2006.

Sincerely,

JOHN K. SAUR

JKS:kh

9

Ex B

# DEMLER, ARMSTRONG & ROWLAND, LLP

**SAN DIEGO OFFICE**
600 B Street, Suite 2300
San Diego, California 92101
Telephone (800) 743-0029
Facsimile (562) 494-3958
dar@darlaw.com

ATTORNEYS AT LAW

4500 EAST PACIFIC COAST HIGHWAY
FOURTH FLOOR
LONG BEACH, CALIFORNIA 90804-3298
TELEPHONE (562) 597-0029
FACSIMILE (562) 494-3958
CD FACSIMILE (562) 597-5381

dar@darlaw.com

Our File No.  S7288

January 4, 2006

John K. Saur
24411 Ridge Route Dr., Suite 215
Laguna Hills, CA  92653-1698

     Re:  *Davis v. Safeco*

Dear Mr. Saur:

In response to your January 3, 2006 letter, please be advised that Safeco will produce Mr. Veenstra for deposition prior to the trial.  We have provided him with additional documents for his review, as set forth in the attached letter.

Please let me know if you have any questions.

                 Very truly yours,

                 ANDRES C. HURWITZ

HUR:gra
Attachment



RECEIVED
JAN 0 5 2006
By_____

10

Ex C

SAN DIEGO OFFICE
600 B Street, Suite 2300
San Diego, California 92101
Telephone (619) 557-0458
Facsimile (619) 557-0482
clo@darlaw.com

# DEMLER, ARMSTRONG & ROWLAND, LLP

### ATTORNEYS AT LAW

4500 EAST PACIFIC COAST HIGHWAY
FOURTH FLOOR
LONG BEACH, CALIFORNIA 90804-3298
TELEPHONE (562) 597-0029
FACSIMILE (562) 494-3958

dar@darlaw.com

Our File No. S7288

December 21, 2005

**VIA HAND DELIVERY**

Boyd Veenstra
Boyd Veenstra & Associates
2740 W. Magnolia Blvd., Suite 306
Burbank, CA 91505

> Re: *Davis v. Safeco*

Dear Mr. Veenstra:

Enclosed for your review are the following documents:

1. Deposition of Cynthia Davis, taken June 30, 2005;

2. Deposition of Dan Davis, taken June 22, 2005;

3. Deposition of attorney Jeffrey Haile, taken July 26, 2005 + Vol. II taken 9-14-05;

4. Deposition of attorney John Whitefleet, taken July 21, 2005, with exhibits;

5. Deposition of attorney Michelle Clark, taken July 28, 2005 , with exhibits;

6. Deposition of attorney Ruxandra Dwinell, taken September 19, 2005;

7. Deposition of expert James Hudson, taken December 6, 2005;

8. Davises' Motion for Partial Summary Judgment, February 11, 2005;

9. Safeco's Motion for Summary Judgment, February 25, 2005; and

10. Plaintiffs' document production.

Once you've had a chance to look at these documents, please contact me.

Very truly yours,

ANDRES C. HURWITZ

HUR:gra
Enclosures

S7288\LETTERS\VEENSTRA\LTR.17 122005

11

DEMLER, ARMSTRONG & ROWLAND, LLP

ATTORNEYS AT LAW

SAN DIEGO OFFICE
600 B Street, Suite 2300
San Diego, California #2101
Telephone (800) 743-0029
Facsimile (562) 494-3958
dar@darlaw.com

4500 EAST PACIFIC COAST HIGHWAY
FOURTH FLOOR
LONG BEACH, CALIFORNIA 90804-3298
TELEPHONE (562) 597-0029
FACSIMILE (562) 494-3958
CD FACSIMILE (562) 597-5381

dar@darlaw.com

Our File No. S7288

January 19, 2006

**VIA FAX (949) 768-0180
AND U.S. MAIL**

John K. Saur
24411 Ridge Route Dr., Suite 215
Laguna Hills, CA 92653-1698

    Re: *Davis v. Safeco*

Dear Mr. Saur:

Enclosed find a revised proposed pre-trial conference order on behalf of my client, defendant Safeco Insurance Company of America, in this matter. Also, please be informed that Boyd Veenstra is available for a second deposition on February 20, 2006. We await your input as to the proposed order.

    Very truly yours,

    RAYMOND H. GOETTSCH

GOE:ray
Enclosure

S7288\LETTERS\SAUR\01-1002.LTR 87 011908

**12.**

Ex. D

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA       )
                          )
COUNTY OF ORANGE          )

3

4

5

6          I am employed in the County of Orange, State of California. I am over the age of 18 and
not a party to this action. My business address is 24411 Ridge Route Drive, Suite 215, Laguna
7   Hills, CA 92653-1698.

8          On January 20, 2006 I served the foregoing document described as PLAINTIFFS'
MOTION IN LIMINE NO. 1 TO PRECLUDE THE EXPERT TESTIMONY O BOYD
9   VENSTRA OR IN THE ALTERNATIVE TO LIMIT THAT TESTIMONY; POINTS AND
AUTHORITIES IN SUPPORT THEREOF on the interested parties in this action by placing:
10

11   _____ the original _√_ a true copy thereof enclosed in sealed envelopes addressed as follows:

12          Andres C. Hurwitz, Esq.
           DEMLER, ARMSTRONG & ROWLAND
13          4500 East Pacific Coast Highway
           Fourth Floor
14          Long Beach, CA 90804

15

16   _____ By personal service.

17   _√_   I am "readily familiar" with the firm's practice of collection and processing of
correspondence for mailing. Under that practice it would be deposited with the U.S. Postal
18   Service on that same day, with postage thereon fully prepaid, at Laguna Hills, California, in the
ordinary course of business. I am aware that on motion of the party served, service is presumed
19   invalid if postal cancellation date or postage meter date is more than one day after date of deposit
for mailing stated in the affidavit.
20

21   _____ I deposited the document at the Laguna Hills Fed Ex facility, regularly maintained by Fed
Ex, with fees paid or provided for, in an envelope designated for overnight service.
22

23   _√_ Via facsimile transmission to (562)494-3958.  (15:14 sm)

24          I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.
25

26          Executed on January 20, 2006 at Laguna Hills, California.

27                                                  _____
                                                    SHAREE ROWE
28

**13**