USDC SCAN INDEX SHEET

















JOEH   2/9/06   10:42

3:04-CV-01237   DAVIS V. SAFECO INSURANCE CO

*66*

*MLIM.*



1  Raymond H. Goettsch (Bar No. 105441)
   Andres C. Hurwitz (Bar No. 150443)
2  **DEMLER, ARMSTRONG & ROWLAND, LLP**
   4500 E. Pacific Coast Highway, Fourth Floor
3  Long Beach, California 90804-3298
   Telephone: (562) 597-0029
4  Fax: (562) 494-3958
   E-mail: hur@darlaw.com
5
   Attorneys for defendant
6  Safeco Insurance Company of America,
   a Washington corporation
7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11 CYNTHIA DAVIS and DANIEL          )  CIVIL ACTION NO.: CV04-1237 BEN (NLS)
   DAVIS,                            )
12                                   )  Hon. Roger T. Benitez
                                     )  Courtroom: 3
13            Plaintiffs,            )
                                     )
14    vs.                            )  **SAFECO'S MOTION IN LIMINE NO. 1**
                                     )  **TO PRECLUDE EXPERT JAMES T. HUDSON**
15 SAFECO INSURANCE COMPANY          )  **FROM OFFERING ANY OPINIONS AT**
   OF AMERICA, a Washington          )  **TRIAL; MEMORANDUM OF POINTS AND**
16 corporation; and DOES 1 through   )  **AUTHORITIES IN SUPPORT THEREOF;**
   100, inclusive,                   )  **DECLARATION OF ANDRES C. HURWITZ**
17                                   )
              Defendant.             )
18                                   )  Complaint filed: June 18, 2004
                                     )  Pretrial conference: January 30, 2006
19 TO PLAINTIFFS TO THEIR ATTORNEYS OF RECORD:

20        Defendant Safeco Insurance Company of America ("Safeco") submits the following

21 memorandum of points and authorities in support of its motion *in limine*, to preclude James T.

22 Hudson, whom plaintiffs have designated as an expert witness, from offering any opinions at

23 trial.

24 Dated: January 5, 2006          DEMLER, ARMSTRONG & ROWLAND, LLP

25

26

27                                 RAYMOND H. GOETTSCH
                                   ANDRES C. HURWITZ
28                                 Attorneys for Defendant Safeco Insurance Company of
                                   America

S728\TRIAL\MIL5\MIL07                          1

SAFECO'S MOTION IN LIMINE No. 1 TO PRECLUDE EXPERT HUDSON FROM OFFERING OPINIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.     INTRODUCTION

Plaintiffs have designated James T. Hudson as an expert on insurance claims handling. (See the expert designation of the Davises, Exhibit "A" to the declaration of Andres C. Hurwitz ("Hurwitz declaration").  However, Mr. Hudson is an attorney, not a claims adjuster.  His *curriculum vitae*, attached to plaintiffs' expert designation, shows no prior experience in claims, and he acknowledged that in his deposition.  As such, he is not qualified to render opinions on Safeco's handling of the Davises' claim.

## 2.     A MOTION IN LIMINE IS THE PROPER MEANS FOR THE COURT TO RULE ON THE ADMISSIBILITY OF EVIDENCE IN ADVANCE OF JURY SELECTION

Trial courts have broad authority to rule on the admissibility of evidence in advance of jury selection.  Federal Rules of Evidence, Rule 403.  *Luce v. U.S.A.* (1984) 469 U.S. 38, 40; *McEwen v. City of Norman, Okla.* (10th Cir. 1991) 926 F.2d 1539, 1548.

## 3.     MR. HUDSON IS NOT QUALIFIED TO RENDER THE OPINIONS THAT HE IS EXPECTED TO GIVE

Whether a witness is qualified to offer expert opinion is a question for the court.  Federal Rules of Evidence, Rule 402.  *Daubert v. Merrill Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579; 592; *Kumho Tire Co. Ltd. v. Carmichel* (1999) 576 U.S. 137, 149.

Mr. Hudson lacks the requisite training and experience to testify on insurance claims handling and bad faith here.  An attorney who has never been employed by an insurance company has been determined to be incompetent to give an opinion on insurance company practices.  *California Shoppers, Inc. v. Royal Globe Ins. Co.* (1985) 175 Cal.App.3d, 1, 66.  "The competency of an expert is relative to the topic and fields of knowledge about which the person is asked to make a statement.  In considering whether a person qualifies as an expert, the field of

1   expertise must be carefully distinguished and limited." *People v. Williams*, 48 Cal.3d 1112, 1136

2   (1989) (internal quotes omitted).  Mr. Hudson has never been a claims hander for any insurance

3   claim, much less a claim such as the one at issue here.  As a result, he should not be permitted to

4   offer opinions as though he were.  He is an attorney, an advocate, and his testimony should be

5   excluded.

6        Furthermore, it would be improper to permit Mr. Hudson to testify regarding "legal

7   tenets," which are issues to be determined by the court.  *Dalrymple v. U.S.A.A.* (1995) 40 CA 4th

8   497, 503.  As such, any testimony by Mr. Hudson regarding what the law "is," should be

9   precluded.

10

11  4.      **CONCLUSION**

12       The motion should be granted.  The court should preclude James T. Hudson, whom

13  plaintiffs have designated as an expert witness, from offering any opinions at trial including

14  opinions regarding the claims handling and regarding legal tenets.

15

16  Dated:  January 5, 2006            DEMLER, ARMSTRONG & ROWLAND, LLP

17

18                                    _____
                                      RAYMOND H. GOETTSCH
19                                    ANDRES C. HURWITZ
                                      Attorneys for defendant Safeco Insurance Company of
20                                    America

21

22

23

24

25

26

27

28

SAFECO'S MOTION IN LIMINE No. 1 TO PRECLUDE EXPERT HUDSON FROM OFFERING OPINIONS

## DECLARATION OF ANDRES C. HURWITZ

I, Andres C. Hurwitz, declare:

1.     I am a duly licensed California attorney, an associate with the law firm of Demler, Armstrong and Rowland, LLP, attorneys of record for defendant Safeco Insurance Company of America and fully familiar with the facts of this case.  The matters set forth herein are based upon my personal knowledge and if called upon as a witness I could and would give competent testimony with respect to the matters contained herein.

2.     Attached hereto as Exhibit "A" is a true and correct copy of plaintiff's expert designation.

3.     Attached hereto as Exhibit "B" is a true and correct copy of Mr. Hudson's report.

4.     Attached hereto as Exhibit "C" is a true and correct copy of portions of Mr. Hudson's December 6, 2005 deposition.


I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed January _6_, 2006, at Long Beach, California.


_____

ANDRES C. HURWITZ
Declarant

S7288\TRIAL\MILS\MIL07

4

SAFECO'S MOTION IN LIMINE No. 1 TO PRECLUDE EXPERT HUDSON FROM OFFERING OPINIONS

JOHN K. SAUR
Attorney at Law, State Bar No. 64558
A Professional Corporation
24411 Ridge Route Drive
Suite 215
Laguna Hills, CA  92653-1698
(949) 768-2900

Attorney for Plaintiffs

RECEIVED
DEC 0 7 2004
ATTORNEYS AT LAW
LaTORRACA AND GOETTSCH
BY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA DAVIS and DANIEL DAVIS,<br><br>             Plaintiffs,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY, (a business entity, form unknown), and DOES 1 through 100, Inclusive,<br><br>             Defendants. | CASE NO.:  04CV1237-BEN(NLS)<br><br>PLAINTIFFS' INITIAL EXPERT WITNESS DISCLOSURE<br><br><br><br>HONORABLE ROGER BENITEZ |

Plaintiffs submit the following Initial Disclosure of Expert Witness in this matter:

Plaintiffs presently intend to call the following expert witnesses at the time of trial:

        James T. Hudson
        Attorney at Law
        3530 Wilshire Blvd.
        Suite 1400
        Los Angeles, CA  90010

Mr. Hudson is expected to testify that the conduct of SAFECO in its adjustment and handling of its insureds' claim in the

1

instant matter, was characterized by violations of the duty of good faith and fair dealing, as well as breaches of SAFECO's contractual duties to its insureds.   Mr. Hudson will testify regarding the relevant standards and practices prevailing in the insurance industry regarding the adjustment of similar insurance claims and claims handling issues.   He will further testify as to how those standards and practices were violated in this instance by SAFECO.

The normal hourly rate Mr. Hudson charges for deposition and trial testimony is $250.00 per hour.

Dated: December 3, 2003

JOHN K. SAUR, Attorney for
Plaintiffs, DAVIS

---

Plaintiffs' Initial Expert Witness Disclosure

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                        )
COUNTY OF ORANGE      )

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to this action. My business address is 24411 Ridge Route Drive, Suite 215, Laguna Hills, CA 92653-1698.

    On December 6, 2004 I served the foregoing document described as PLAINTIFFS' INITIAL DISCLOSURE OF EXPERT WITNESSES on the interested parties in this action by placing:

_____ the original   ✓   a true copy thereof enclosed in sealed envelopes addressed as follows:

        Raymond H. Goettsch, Esq.
        Scott K. Murch, Esq.
        LATORRACA AND GOETTSCH
        211 East Ocean Blvd., Suite 400
        P.O. Box 21978
        Long Beach, CA 90801-4978

_____ By personal service.

__✓__ I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Laguna Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing stated in the affidavit.

_____ I deposited the document at the Laguna Hills Fed Ex facility, regularly maintained by Fed Ex, with fees paid or provided for, in an envelope designated for overnight service.

_____ Via facsimile transmission to (562)436-8489.

    I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

    Executed on December 6, 2004 at Laguna Hills, California.

                              SHAREE VALLEE ROWE

EXPERT WITNESS REPORT BY JAMES T. HUDSON
DAVIS vs. SAFECO

The undersigned has been retained as an expert witness by plaintiffs Cynthia and Daniel Davis on the issue of whether or not defendant conformed to the implied covenant of good faith and fair dealing and/or standard insurance claims practices in the handling of plaintiff's insurance claim. My hourly rate is $300.

I.   Qualifications

Attached as Exhibit A is a current curriculum vitae outlining my educational background, career history, licenses and professional affiliations.

As a result of my background, I am familiar with the implied covenant of good faith and fair dealing contained in all insurance policies, as well as standard insurance claims practices in California.

II.   Other Expert Witness Cases and Publications

Attached as Exhibit B is a list of other cases in which I have testified over the last four years, and publications.

III.   Data Reviewed

To date, I have reviewed the following data in this case:

1.   Complaint in Davis vs. Safeco;

2.   Complaint in Engebretsen vs. Davis;

3.   Safeco Electronic Claims file (DI 000001–41;

4.   Safeco Electronic Claims file (AI 000001–150);

5.   Safeco Apex file (U000001-54);

6.   Plaintiff's Partial Summary Judgment papers;

7.   Defendant's Summary Judgment papers;

8.   Court's Order Re Plaintiff's Motion for Partial Summary Judgment; and

9.   Boyd Veenstra Expert Report dated April 27, 2005.

1

I have been advised that depositions in Davis vs. Safeco are pending and that transcripts thereof will be supplied to me in the future, whereupon I may amend or revise this report as necessary.

The facts known to date can be summarized as follows:

The Engebretsen complaint was filed July 27, 2001 and alleges that defendants therein were the owners, builders, contractors and/or subcontractors with respect to a single-family residence sold to plaintiffs. It is alleged that defendants negligently designed, engineered, developed and constructed said residence, resulting in substantial property damage and bodily injury to plaintiffs.

Safeco first became aware of the Engebretsen complaint in July 2002, when one of the subcontractors on the residence was sued and tendered his defense to Safeco. Safeco had issued a comprehensive general liability policy to Gregory D. Caso Plumbing dba Apex Plumbing with effective date of November 19, 1996 to November 19, 1997, renewed for the period November 19, 1997 to November 19, 1998. By August 2001, Safeco was aware that Apex Plumbing was hired by Mr. Davis to do plumbing work on the residence, that he had done plumbing work on the residence, and that the Engebretsen's claimed the work was defective.

By October 2002, Safeco determined that it had no duty to defend Apex and verbally advised Apex's attorney of this. The attorney thereafter requested a written denial from Safeco, but no such denial was sent. Safeco reanalyzed its position, and by letter dated January 3, 2003, Safeco agreed to defend Apex under a reservation of rights.

In the meantime, by letter dated October 10, 2002, the Davis' attorney tendered the Davis' defense to Safeco. The letter advised that Mr. Davis acted as owner-developer of the residence under the name Beca [Deca] Homes, that he subcontracted with Apex Plumbing to act as plumbing subcontractor on the home, that the Engebretsen's alleged damages as a result of Apex's scope of work on the residence, that Beca [Deca] Homes was named as an additional insured on the Safeco policy issued to Apex Plumbing, and that Mr. and Mrs. Davis had no other insurance to protect them.

Safeco thereafter verbally denied a defense to Mr. and Mrs. Davis, which was confirmed in a letter to Safeco dated December 30, 2002 from the Davis' attorney.

By January 3, 2003, at least one Safeco employee had determined that Safeco owed a defense to Mr. and Mrs. Davis.

In March 2003, Safeco verbally advised counsel for Mr. and Mrs. Davis that it would be defending the Davis. Then several weeks later, Safeco advised counsel it would not defend. By letter dated April 11, 2003 (six months after the tender of defense), the Davis'

2

counsel advised Safeco that they were hiring insurance coverage counsel to pursue the matter. The Davis' filed this action against Safeco on April 22, 2003.

In August 2003, Safeco settled the <u>Engebretsen</u> case as to Apex Plumbing, but entered into no such settlement on behalf of Mr. and Mrs. Davis. In the settlement with Apex, the Engebretsens purport to release all claims related to Apex's "scope of work." The case went to trial as to the Davis' and in January 2004 a judgment was entered against Mr. and Mrs. Davis in excess of $500,000.

IV.    <u>Opinions and Bases for Opinions</u>

Based upon the information available, it is my opinion that Safeco failed to comply with the implied covenant, acted unreasonably, and failed to comply with standard insurance claims handling practices in the following respects:

A.    In denying the Davis' a defense to the <u>Engebretsen</u> action, Safeco unreasonably and without proper cause withheld policy benefits from the insured. The bases for this opinion are as follows:

Under California law, where the allegations of fact in a complaint create a potential of liability under the policy, the insurer must defend unless it develops extrinsic facts which conclusively establish that the alleged damages cannot fall within the scope of coverage. The duty to defend arises immediately upon tender and continues until the insurer shows there is no possibility of a potential for coverage. (<u>Montrose Chemical Corp. vs. Superior Court</u> (1993) 6 Cal.4th 287).

The <u>Engebretsen</u> complaint alleges in numerous places that defendants negligently designed, engineered, developed and constructed the residence resulting in property damage and bodily injury to plaintiffs. These allegations created a potential of liability under the Safeco policy, which covers "bodily injury" or "property damage" arising out of an "occurrence" during the policy period.

The Safeco policy also listed the Davis' business as an "additional insured" with respect to "all operations" of Apex Plumbing. Safeco also knew that Apex had performed work on the residence, which the Engebretsen's alleged was defective, and that construction had been completed during its policy period.

Case law in California makes it clear that an insurer's duty to defend extends to include "additional insureds," even though they are insured only with respect to the operations of the named insured. This may limit the insurer's obligation to indemnify, but not its obligation to defend (<u>Maryland Casualty Co. vs. Nationwide Ins. Co.</u> (1998) 65 CA 4th 21, 76 CR 2d 113; <u>Presley Homes, Inc. vs. American States Ins. Co.</u> (2001) 90 CA 4th 571, 108 CR 2d 686).

In my opinion, the implied covenant and standard insurance practices required Safeco to defend the case from the time of tender through the conclusion of the case. Safeco's failure to do that was unreasonable and without proper cause.

B.    Safeco failed to conduct a prompt, thorough, fair investigation of the claim as required by the implied covenant of good faith and fair dealing. The bases for this opinion are: as indicated above, the allegations of the Engebretsen complaint raise a "potential of liability" under the "bodily injury" and "property damage" coverage. Safeco never established extrinsic facts negating the possibility of coverage. In fact, all the extrinsic facts confirmed there was a duty to defend: (1) the Davis' business was listed as an "additional insured" under the Safeco policy issued to Apex Plumbing; (2) Apex Plumbing did subcontract work on the residence, which was alleged to have been negligent and defective; and (3) the construction work was completed during the Safeco coverage.

Nonetheless, for a period of over five months after the tender of defense, Safeco never agreed to or refused to defend. Safeco never did actually defend.

C.    In evaluating the claim, Safeco failed to objectively evaluate the claim, failed to keep an open mind and was unwilling to reconsider its position. The bases for this opinion are:

Safeco failed to objectively consider the evidence that: (1) the Davis' business was listed as an "additional insured" under the Safeco policy issued to Apex Plumbing; (2) Apex Plumbing did subcontract work on the residence, which was alleged to have been negligent and defective; and (3) the construction work was completed during the Safeco coverage.

After the verbal denial of a defense by Safeco, the Davis' attorney asked Safeco to reconsider on several occasions, but Safeco continued its refusal to defend.

D.    In handling the claim, Safeco failed to give the interest of the insured at least as much weight as its own interests. The bases for this opinion are the same bases as set forth in Sections A, B and C above. Additionally, Safeco was aware Mr. and Mrs. Davis had no other insurance for this claim, and that that was creating a financial hardship on them. Lastly, Safeco was looking out for its own interests when it settled the claim against Apex and included language that the plaintiffs were releasing claims related to Apex's "scope of work." This was obviously an attempt to limit Safeco's continuing duty to defend Mr. and Mrs. Davis, to the benefit of Safeco and the detriment of the insured. Safeco apparently never made any attempt to settle the claim against Mr. and Mrs. Davis.

E.    Safeco unreasonably delayed the processing of the Davis claim. The bases for this opinion are set forth in Sections A, B, C and D above. Additionally, Safeco violated the California Department of Insurance regulations, which require (1) acknowledgment of receipt of the claim and commencement of investigation within 15 days after notice of the claim; (2) response to any inquiry by the claimant within 15 days; and (3) acceptance or

4

denial of a claim within 40 days of receipt of notice of claim, or advice to the claimant in writing of reasons for the delay every 30 days.

_6 - 2 - 05_
Date

James T. Hudson

5

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CYNTHIA DAVIS and DANIEL    )
DAVIS,                       )
                             )
            Plaintiffs,      )
                             )
       vs.                   ) CASE NO. CV04-1237 BEN
                             )
SAFECO INSURANCE COMPANY OF  )
AMERICA, a Washington        )
corporation; and DOES 1      )
through 100, inclusive,      )
                             )
            Defendants.      )
_____)

DEPOSITION OF:  JAMES T. HUDSON, ESQ.

DATE:       Tuesday, December 6, 2005
TIME:       11:06 a.m. - 4:10 p.m.
TAKEN AT:   4500 East Pacific Coast Highway
            Fourth Floor
            Long Beach, California 90804
REPORTER:   Gina Anne George
            CSR No. 11260

EASTWOOD-STEIN
Deposition Management (800) 514-2714

1   company in any capacity?

2       A   No.

3       Q   Okay.  Have you ever been an employee of an

4   insurance company at any time in your life?

5       A   Not a salaried employee, no.

6       Q   Have you been an independent contractor for

7   an insurance company at some point?

8       A   Yeah, as an attorney.

9       Q   So other than your capacity as an attorney,

10  have you been employed with any insurance company at

11  any time?

12      A   No.

13      Q   Now, it says here from 1970 to 1984 you were

14  an associate and partner at Jones & Wilson in

15  Los Angeles.

16      A   Correct.

17      Q   Okay.  It says, "Insurance defense,

18  including Fidelity and surety; insurance coverage and

19  bad faith."

20          Were you exclusively practicing in the area

21  of fidelity and surety at that time, or was that just

22  one of the many areas of insurance law that you

23  practiced during that period?

24      A   One of many.

25      Q   What other areas of insurance did you

                                                        26

1

2

3

4

5

6

7

8

9          I do hereby declare under penalty of perjury

10   that I have read the foregoing transcript; that I have

11   made any corrections as appear noted; that my

12   testimony as contained herein, as corrected, is true

13   and correct.

14          EXECUTED this _____ day of _____, 20___,

15   at _____, California.

16

17

18

19                    _____

                      JAMES T. HUDSON, ESQ.

20

21

22

23

24

25

                                                       148

## PROOF OF SERVICE
### (Code Civ. Proc., § 1013a(3) Revised 5-1-88)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 4500 East Pacific Coast Highway, Fourth Floor, Long Beach, California, 90804-3298.

On **January 6, 2006**, I served the foregoing document described as **SAFECO'S MOTION IN LIMINE NO. 1 TOPRECLUDE EXPERT JAMES T. HUDSON FROM OFFERING ANY OPINIONS AT TRIAL** on the interested parties in this action:

[X]    by placing the original/true copies thereof enclosed in sealed envelopes addressed as follows:

John K. Saur                              **Attorneys for Plaintiff**
24411 Ridge Route Dr., Suite 215          Tel:  (949) 768-2900
Laguna Hills, CA  92653-1698              Fax:  (949) 768-0180

[X]    BY MAIL: I deposited such envelope in the mail at Long Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, said correspondence is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Long Beach, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on **January 6, 2006**, at Long Beach, California.

[ ]    BY FACSIMILE TRANSMISSION:  See attached Proof of Transmission by Fax. The telephone number on the facsimile machine I used is (562) 494-3958. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2009, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

[X]    (Federal): I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Katherine Grant

S7288\MISC\POS