USDC SCAN INDEX SHEET










JOEH    2/9/06    12:05
3:04-CV-01237    DAVIS V. SAFECO INSURANCE CO
*99*
*O.*

FILED
06 FEB -7 PM 1:33
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA DAVIS and DANIEL DAVIS,<br><br>Plaintiffs,<br>vs.<br>SAFECO INSURANCE COMPANY OF AMERICA, et al.,<br><br>Defendants. | CASE NO. 04cv1237 BEN (NLS)<br><br>ORDER ON MOTIONS IN LIMINE |

Defendant Safeco Insurance Company of America ("Safeco" or "Defendant") has submitted nine motions in limine. Plaintiffs Cynthia Davis and Daniel Davis (collectively "Plaintiffs" or "the Davises") have submitted one motion in limine. All are addressed herein.

**Safeco's Motion in Limine No. 1 Re: Attorney Expert James T. Hudson**

Safeco's Motion in Limine No. 1 seeks to preclude attorney James T. Hudson, Esq. from offering "any opinions at trial." Plaintiffs agree that Hudson should not be offering legal opinions. However, as to Hudson's qualifications to express expert opinions regarding insurance company practices, there is insufficient evidence before the Court to make a determination. Mr. Hudson's curricula vitae is not attached to the papers. But there is some evidence of relevant expertise. A one-page excerpt from his deposition reveals that he worked, at some time, for some period, as an independent contractor attorney for an insurance company. Thus, Hudson may qualify as an expert, depending on what is offered at trial. The motion in limine is **denied**.

### Safeco's Motion in Limine No. 2 Re: References to Cal.Evid.Code §790.03(h)

Safeco's Motion in Limine No. 2 seeks to exclude preclude Plaintiff from making any reference to violations of California Evidence Code § 790.03(h) and the California Unfair Claims Practices Regulations.

The motion is **conditionally granted**. Reference to violations of § 790.03(h) shall not be made unless expert testimony is presented to the effect that an insurer's conduct should be guided by the statute or its implementing regulation. *Cf. State Farm Fire and Casualty Co. v. Martin*, 872 F.2d 319, 321-22 (9th Cir. 1989) (affirming summary judgment for failure of evidence on §790.03(h) claim); *Benton v. Allstate Insurance Co.*, Case No.CV-00-499, slip op., 2001 WL 210685 (C.D. Cal. 2001) (granting summary judgment for failure of evidence on §790.03(h) claim).

### Safeco's Motion in Limine No. 3 Re: Punitive Damages legal Standard

Safeco's Motion in Limine No. 3 seeks to require Plaintiff's counsel to always describe the complete legal standard for punitive damages rather than discussing any part of the standard at any time. The requested order would be impractical and unworkable. The motion is **denied**.

### Safeco's Motion in Limine No. 4 Re: Opinion Testimony by Percipient Witnesses

Safeco's Motion in Limine No. 4 seeks to exclude preclude opinion testimony by Plaintiffs and other percipient witnesses.

The motion is **conditionally granted**. Plaintiffs and other percipient witnesses shall not offer expert testimony unless permitted by Federal Rule of Evidence 701.

### Safeco's Motion in Limine No. 5 Re: Attorney's Fees in this Federal Case

Safeco's Motion in Limine No. 5 seeks to exclude evidence of and reference to attorney's fees claimed as damages in this federal case. The motion is **granted in part and denied in part**. Because California courts suggest fees as compensatory damages for an insurer's bad faith be calculated after a jury finds bad faith, and because the granting of Motion in Limine No. 7 will bifurcate the trial and put any punitive damages evidence into the second phase, the issue of attorney's fees in this federal case shall be left for the second phase of trial along with punitive damages. *Cf. Cassim v. Allstate Insurance Co.*, 33 Cal.4th 780, 807 (Cal. App. 2004)

("we...explained that the calculation of fees was best done by the trial court sitting as trier of fact, after the jury had reached its verdict [finding the insurer acted in bad faith]").

**Safeco's Motion in Limine No. 6 & 8 Re: Settlement Communications**

Safeco's Motions in Limine Nos. 6 and 8 seek to exclude settlement offers, demands, and negotiations between Plaintiffs and Defendant in this federal action. The motion is **granted**. Federal Rule of Evidence 408.

**Safeco's Motion in Limine No. 7 Re: Bifurcation of Punitive Damages Phase**

Safeco's Motion in Limine No. 7 seeks to bifurcate the issue of punitive damages. Plaintiffs do not oppose. The motion is **granted**.

**Safeco's Motion in Limine No. 9 Re: Draft Letter Argument**

Safeco's Motion in Limine No. 9 seeks to preclude Plaintiff from making the following argument: that since a letter dated March 11, 2003 was drafted by Defendant, the letter must have been sent to Plaintiffs. Plaintiffs do not oppose the motion. The motion is **granted**.

**Davis' Motion in Limine No. 1 Re: Expert Testimony of Boyd Veenstra**

Davis's Motion in Limine No. 1 seeks to exclude expert testimony by Boyd Veenstra on the basis that he was not prepared at the time of his deposition. Defendant argues that Veenstra was deposed and answered questions and that he is still available for deposition. Provided that Defendant makes Veenstra available to be deposed in February, or at some other time agreed to between counsel, the motion to exclude Veenstra is **denied**.

**IT IS SO ORDERED.**

DATED: 2/06/06

ROGER T. BENITEZ
United States District Judge